UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DORIS SCHLEICHER, on behalf of herself and all others similarly situated, </br></br> Plaintiff, </br></br> v. </br></br> API FINANCIAL SOLUTIONS, INC., </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:23-cv-01431-SRC |

### Preliminary Approval Order

Doris Schleicher and API Financial entered into a class-action settlement agreement, which requires Court approval. Schleicher now moves, without opposition, for preliminary approval of the settlement. Doc. 41. Having considered and reviewed the Motion, the Settlement Agreement, and the entire record of this case, the Court grants the Motion, authorizes disseminating class-wide notice, and orders the following.

**1.     Capitalized terms**

Unless otherwise indicated, all capitalized terms not defined in this Order have the same meaning as set forth in the Settlement Agreement.

**2.     Class certification for settlement purposes only**

For settlement purposes only, the Court certifies the following class:

**All individuals in the United States who were sent a notice of the Data Incident, as set forth in the Settlement Agreement.**

Excluded from the Settlement Class are API, the Judge assigned to this case, and that Judge's immediate family and Court staff.

Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that the parties have

shown that after a final approval hearing, the Court "will likely be able to . . . certify the class for purposes of judgment on the proposal," Fed. R. Civ. P. 23(e)(1)(B)(2), because the class meets all requirements of Rule 23(a) and Rule 23(b)(3).  Specifically, the Court finds for settlement purposes only that it is likely to find that:  (a) the Settlement Class is so numerous that joinder of all Settlement Class members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts as the claims of the Settlement Class members; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class, because the Class Representative has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this Action on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members; and (f) class settlement is superior to other methods available for a fair and efficient resolution of this Action.

### 3. Settlement Class Representative and Class Counsel

The Court appoints Schleicher as Class Representative, provisionally finding that she will adequately serve in that capacity.  Further, having considered the factors outlined in Rule 23(g)(1), the Court designates Mason A. Barney and Tyler J. Bean of Siri & Glimstad LLP as Class Counsel.

### 4. Preliminary settlement approval

Pursuant to Rule 23(e)(2), the Court finds, preliminarily and for settlement purposes only, that the relief provided for in the Settlement is fair, reasonable, and adequate.  In making this determination, the Court has considered the nature of the claims at issue; the monetary and non-monetary benefits provided to the Settlement Class through the Settlement; the specific risks and

expenses the Settlement Class would face if it further litigated its claims; the proposed method for distributing relief to the Settlement Class; the equitable manner in which the Settlement treats all Participating Settlement Class Members; and all other factors required by Rule 23 and relevant caselaw.  *See Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988).  Further, the Court provisionally finds that Plaintiff and Class Counsel have adequately represented the class, and that the parties negotiated the Settlement at arm's length.

## 5. Jurisdiction

The Court concludes that it has subject-matter jurisdiction over this case, *see* 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the parties, for settlement purposes.  Additionally, venue is proper in this District because a substantial portion of the acts and transactions complained of occurred in this District.  28 U.S.C. § 1391(b)(2).

## 6. Final approval hearing

The Court will hold a final approval hearing on January 28, 2025, at 3:00 p.m., in Courtroom 14-North, which lead counsel must attend in person, and at which the Court will determine, *inter alia*, whether (a) to grant final class certification for settlement purposes; (b) to grant final approval of the Settlement as fair, reasonable, and adequate; (c) to dismiss this Action with prejudice pursuant to the terms of the Settlement Agreement; (d) to bind Participating Settlement Class Members to the releases, including Released Claims, as set forth in the Settlement Agreement; and (e) to approve the award of the Application for Attorneys' Fees and Costs under Rule 23(h).

## 7. Settlement administrator

At the parties' request, the Court appoints Simpluris, Inc. as the Settlement Administrator.  In that capacity, Simpluris bears the responsibility of settlement administration and effecting

class-wide notice. The Court orders Simpluris to perform all tasks in accordance with the terms of the Settlement Agreement, this Order, and the law; the Court further orders Simpluris to timely serve a notice of the proposed settlement upon appropriate state and federal officials in keeping with 28 U.S.C. § 1715(b). The Settlement Agreement governs the payment of fees to the Settlement Administrator.

### 8.   Notice

The Court approves the proposed notice program set forth in the Settlement Agreement, including the notices and Claim Form provided as attachments to the Settlement Agreement. *See* doc. 41 at 44–61. In consultation and agreement with the Parties, the Settlement Administrator may make non-material modifications to the notices and Claim Form without further order from the Court.

### 9.   Findings concerning notice

The Court finds that the proposed form, content, and method of giving notice to the Settlement Class (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class members and other persons entitled to receive notice; (d) satisfy the conditions of Rule 23(c)(2)(B); and (e) meet all other applicable requirements of law, including under the Due Process Clauses of the United States and Missouri Constitutions.

### 10.   Exclusion from the class

Any Settlement Class member who wishes to be excluded from the Settlement Class

must individually sign and timely submit written notice of such intent to the designated Post Office box or email address established by the Settlement Administrator. The written notice must include:

    a) the name of the Action: *Schleicher v. API Financial Solutions Inc.*, Case No. 4:23-cv-01431-SRC;

    b) the full name of the member of the Settlement Class;

    c) the current address of the member of the Settlement Class;

    d) the Claim number or other unique Settlement Class member ID assigned to the Settlement Class member and included in the Postcard Notice sent to the individual;

    e) the signature of the member of the Settlement Class (by hand if written, or electronically if emailed); and

    f) the words "Request for Exclusion" or a similar, unambiguous statement that the member of the Settlement Class does not wish to participate in the Settlement.

To submit an effective request for exclusion, the Settlement Class member must postmark or email the request no later than the Opt-Out and Objection Deadline, which the Court sets at 60 days from the date on which the Notice Program commences.

The Settlement Administrator shall forward a complete list of all Settlement Class members who submit timely, valid exclusion requests (opt-outs) to Class Counsel and Defendant's Counsel within 10 days after the Opt-Out and Objection Deadline. Counsel must file an anonymized version of the list alongside their motion for final approval of the Settlement Agreement. If the Court grants final approval of the Settlement Agreement, its terms will bind

5

all Settlement Class Members who did not timely submit an exclusion request in accordance with the terms set forth above.

### 11. Objections and appearances

A Participating Settlement Class Member seeking to object to the Settlement Agreement must do so in writing by the Opt-Out and Objection Deadline. The Long Form Notice and the Settlement Website shall instruct Participating Settlement Class Members objecting to the Settlement Agreement to send their objections to the Settlement Administrator at the mailing or email addresses indicated in the Long Form Notice and stated on the Settlement Website. The Settlement Administrator will forward objections to Class Counsel and Defendant's Counsel no later than 10 days after the Opt-Out and Objection Deadline. Counsel must file a copy of all objections with the Court alongside the motion for final approval.

Each objection must include the following:

a) the objector's full name, mailing address, telephone number, and e-mail address (if any);

b) information identifying the objector as a Participating Settlement Class Member (e.g., a copy of Postcard Notice received, copy of original notice of the Data Incident received, or claim number or other unique Settlement Class member ID assigned to the Settlement Class member and included in the Postcard Notice sent to the individual);

c) written statement of all grounds for the objection, accompanied by legal and factual support for the objection and all evidence the objector believes applicable;

d) the identity of any and all counsel representing the objector in connection with

6

    the objection;

  e) a statement as to whether the objector and/or, if applicable, the objector's counsel, intends to appear at the Final Approval Hearing; and

  f) the objector's written or electronic signature and, if represented by counsel, the objector's counsel's written or electronic signature.

Whether Participating Settlement Class Members submit a written objection or not, they may attend the Final Approval Hearing.  At the Court's discretion, attending Participating Settlement Class Members may address the Court concerning the Settlement.

  Settlement Class Members who exclude themselves from the Settlement cannot object to the Settlement.  Further, any Participating Settlement Class Member who fails to comply with these requirements will waive and forfeit all rights they may have to object to the Settlement Agreement.  The Settlement Agreement, as well as all proceedings, orders, and judgments in this Action, will bind Participating Settlement Class Members who fail to object in compliance with the terms set forth above.

  **12.**  **Claims process**

  The Court preliminarily approves the process set forth in the Settlement Agreement for Participating Settlement Class Members to claim and obtain benefits under the terms of the Settlement Agreement.  If the Court grants final approval of the Settlement Agreement, all Participating Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures set forth in the Notice and the Claim Form will not receive any such benefits, but would remain in all other respects subject to the Court's final approval order, including the releases contained therein.

13. **Termination of the settlement**

In keeping with Section 9 of the Settlement Agreement, if the Court does not approve the Settlement Agreement or the releases therein, this Preliminary Approval Order will become null and void, and will not prejudice the rights of the Parties, all of whom will return to their respective positions as of before they entered into the Settlement Agreement.  In such event, (a) the terms and provisions of the Settlement Agreement will have no further effect with respect to the Settling Parties, and (b) the Court prohibits the use, for any purpose in any proceeding, of the Settlement Agreement or of the Court's orders relating to the Settlement Agreement.  If the Settlement Agreement terminates prior to its final approval, the Court automatically vacates its orders relating to the Settlement Agreement.

14. **Use of this Order**

This Preliminary Approval Order shall be of no force or effect if the Court does not enter an order of final approval and the accompanying judgment, or if there is no Effective Date. Neither this Order nor any related Settlement materials shall be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability.  Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representative or any other Participating Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defense or claims that they may have in this Action or in any other lawsuit or proceeding.

15. **Continuance of the hearing**

The Court may adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class.  If the Court alters any of those dates or

times, the Settlement Administrator must post the revised dates and times on the Settlement Website, and comply with any further orders of the Court. The Court may approve the Settlement, with such modifications as to which the Parties may agree, if appropriate, without further notice to the Settlement Class.

16. **Stay of the litigation**

Except as necessary to effectuate this order, the Court stays all proceedings and deadlines in this Action. Further, the Court enjoins and stays any actions brought by Participating Settlement Class Members concerning the Released Claims, pending Final Approval of the Settlement Agreement.

17. **Schedule and deadlines**

The Court orders that the following schedule and deadlines apply:

| Event | Days after entry of this Preliminary Approval Order (unless otherwise noted) |
| --- | --- |
| API provides Class List to the Settlement Administrator | 7 days |
| Settlement Administrator to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | 10 days |
| Notice Date | 30 days |
| Application for Attorneys' Fees, Costs, and Service Award | 76 days |
| Opt-out and Objection Deadline | 90 days |
| Settlement Administrator shall distribute the Opt-Out and Objection Report to Class and Defendant's Counsel | 100 days |
| Claims Deadline | 120 days |
| Final Approval Hearing | January 28, 2025, at 3:00 p.m. |
| Motion for Final Approval | 14 days before Final Approval Hearing |

| | |
|---|---|
| Effective Date | 35 days following grant of final approval, or, in the event of an appeal, 7 days following termination of the appeal |
| Funding of Settlement Fund | 21 days after Effective Date |
| Payment of Attorney's Fees/Costs and Service Award | 30 days after Effective Date |
| Payments to Participating Class Members | 30 days after Effective Date |
| Settlement Website Deactivation | 120 days after Effective Date |

So ordered this 20th day of August 2024.

*SL R. CR*

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE