UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DORIS SCHLEICHER, on behalf of herself and all others similarly situated,  )<br><br>Plaintiff,  )<br>v.  )<br><br>API FINANCIAL SOLUTIONS, INC.,  )<br><br>Defendant.  ) | Case No. 4:23-cv-01431-SRC |

### Final Approval Order and Judgment

On August 20, 2024, the Court granted preliminary approval of the Settlement Agreement, doc. 42 at 2–3,[1] between (a) the Settlement Class Representative, Doris Schleicher, on behalf of herself and the Settlement Class; and (b) API Financial Solutions, Inc. ("API" or "Defendant") (collectively, the "Parties") as memorialized in Exhibit A to the Declaration of Mason A. Barney in Support of Plaintiff's Unopposed Motion for Preliminary Approval and to Direct Notice of Proposed Settlement to the Class, doc. 41-1 at 12–73.[2]

On September 19, 2024, pursuant to the notice requirements set forth in the Preliminary Approval Order, the Settlement Class Members were apprised of the nature and pendency of the Action and the terms of the Settlement, as well as their rights to submit a Claim under the Settlement, request exclusion therefrom, object thereto, and/or appear at the Final Approval Hearing. *See* doc. 45 at 3–4.

On January 28, 2025, the Court held a Final Approval Hearing to determine, inter alia: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be

---

[1] The Court cites to page numbers as assigned by CM/ECF.
[2] The capitalized terms used herein shall have the same meaning as defined in the Settlement Agreement. Doc. 41-1 at 12–43.

entered dismissing all claims in the Action with prejudice.  *See* doc. 50.  Prior to the Final Approval Hearing, Class Counsel filed a declaration from the Settlement Administrator confirming that the Notice Program was completed in accordance with the Parties' instructions and the Preliminary Approval Order.  *See* doc. 45-1.  Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement and the award of attorneys' fees, expenses, and service award.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, and having considered the application made by Class Counsel for attorneys' fees, expenses, and service award, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class Members.  The Court also has personal jurisdiction over the Parties and the Settlement Class Members.

2. The Settlement was entered into in good faith following arm's-length negotiations and is non-collusive.

3. The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved.  The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the

Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.  The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4. This Court grants final approval of the Settlement, including, but not limited to, the releases in the Settlement and the plans for distribution of the Settlement relief.  Therefore, all Settlement Class Members who have submitted valid and timely claims may participate in the distribution of the Settlement relief according to the Settlement's terms and all Settlement Class Members who have not opted out of the Settlement are bound by the Settlement and this Final Approval Order and Judgment.

5. The Settlement and every term and provision thereof—including, without limitation, the Released Claims and Released Parties—are incorporated herein as if explicitly set forth herein and shall have the full force of an order of this Court.

6. The Parties shall effectuate the Settlement in accordance with its terms.

## Objections and Opt-Outs

7. Zero objections were filed by Settlement Class Members.  Thus, all persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

8. One individual opted out of the Settlement.  A list including the sole individual who timely and validly elected to opt out of the Settlement in accordance with the requirements in the Settlement Agreement (the "Opt-Out Member") has been submitted to the Court in the Declaration of Christopher Leung, filed in advance of the Final Approval Hearing.  Doc. 45-1

3

at 10.  That list is also attached as Exhibit A to this Final Approval Order and Judgment.  The Opt-Out Member listed in Exhibit A is not bound by the Settlement, or this Final Approval Order and Judgment, is not entitled to any of the benefits under the Settlement, and shall be deemed not to be a Releasor.

## Class Certification

9.      For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All individuals residing in the United States who were sent a notice of the Data Incident.  The Settlement Class specifically excludes: Defendant API.

10.     Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the final approval hearing, and pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court now grants final approval to the Settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members, because:  Plaintiff and Class Counsel have adequately and capably represented the Settlement Class; the Settlement Agreement was negotiated at arm's length between the Parties; the monetary relief provided for the Settlement Class constitutes adequate compensation, taking into account the risks that both sides faced with respect to the merits of the claims alleged and remedies requested, the costs, risks, and delay of trial and appeal, the hurdles involved in maintaining a class action, and the expense and duration of further litigation, as well as the other factors listed in Federal Rule 23(e)(2)(C); and the Settlement Agreement treats Settlement Class Members equitably relative to each other.  Therefore, the Settlement is finally approved.

11. The Court determines that for settlement purposes only the Settlement Class meets all the requirements of Federal Rule 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Class Representative are typical of absent class members; that the Class Representative will fairly and adequately protect the interests of the Settlement Class as she has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this Action; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

12. The Court grants final approval to the appointment of Doris Schleicher as the Settlement Class Representative.  The Court concludes that the Settlement Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

13. The Court grants final approval to the appointment of Mason A. Barney and Tyler J. Bean of Siri & Glimstad LLP as Class Counsel.  The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

### Notice to the Settlement Class

14. The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class Members of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, the right of Settlement Class Members to exclude themselves, their right to object to the Settlement and to appear at the Final Approval Hearing, and satisfied the requirements of the Federal Rules

of Civil Procedure, the Constitution of the United States, due process, and all other applicable laws.

15.     The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## Award of Attorneys' Fees, Expenses, and Service Award to Class Representative

16.     The Court has considered Class Counsel's Application for Attorneys' Fees, Costs, and Service Award.  Doc. 43.

17.     The Court approves payment of attorneys' fees in the amount of $152,500 and payment of costs and expenses in the amount of $602.89 to Class Counsel.  These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.  The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons:  First, the Court finds that the Settlement provides substantial benefits to the Settlement Class.  Second, the Court finds the Settlement Payment and other benefits made available to the Settlement Class fair and reasonable in light of the substantial work performed by Class Counsel.  Third, the Court concludes that the Settlement was negotiated at arm's length without collusion, and that the negotiation of the attorneys' fees, costs, and expenses only followed agreement on the settlement benefits for the Settlement Class Members.  Finally, the Court notes the Settlement Class Notices advised the Settlement Class Members that Class Counsel would seek an award in the amount sought.

18.     The Court awards the Settlement Class Representative a service award in the amount of $5,000 and specifically finds such amount to be reasonable in light of the services

6

performed by Doris Schleicher for the Settlement Class, including taking on the risks of litigation and helping achieve the benefits made available to the Settlement Class.  This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

19.    The Settlement Administrator shall pay the attorneys' fees, costs, expenses, and service award to Class Representative within thirty (30) days after the Effective Date, pursuant to Paragraph 7.5 of the Settlement Agreement.

## Other Provisions

20.    The Parties to the Settlement shall carry out their respective, remaining obligations thereunder.

21.    Within the time set forth in the Settlement Agreement, the relief provided for in the Settlement shall be made available to the Participating Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

22.    Upon the Effective Date, the Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims, including Unknown Claims, as against Defendant and the other Released Parties.  Further, upon the Effective Date, and to the fullest extent permitted by law, each Participating Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing an action, prosecuting an action, or participating in any recovery in any action in this or any other forum (other than participation in the Settlement as provided herein) in which any of the Released Claims is asserted against any of the Released Parties.  This Final Approval Order and Judgment, the Settlement, and all acts,

statements, documents, and proceedings relating to the Settlement shall not be offered or received against Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendant with respect to the truth of any fact alleged by the Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Defendant; provided, however, that nothing in the foregoing, the Settlement Agreement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement Agreement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims, including Unknown Claims, in any other proceeding, or as otherwise required by law.

23. This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as or received in evidence as an admission, concession, or presumption against the Settlement Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defense asserted by Defendant has any merit, or that damages recoverable in the Action would not have exceeded the total value of the Settlement.

24. The Settlement (including without limitation the releases therein) shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims that are brought, initiated, or maintained by, or on

behalf of, any Settlement Class Member who is not an opt-out or any other person subject to the provisions of this Final Approval Order and Judgment.

25. The Court hereby dismisses with prejudice the Action and the Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

26. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment may be vacated upon an appropriate motion filed by the Parties no later than thirty (30) days after the triggering event.  In such event, the Parties must also propose, at the same time as the filing of the motion to vacate, a plan to notify the Settlement Class that the Effective Date has not occurred.  Such notification should include a new timeline for finalization of the Settlement Agreement, including any potential actions that the Settlement Class Members need to take, such as waiting for further updates or resubmitting claims information.

27. The Court retains jurisdiction over this case to enforce the terms of the Settlement Agreement and matters relating to compliance with the Court's orders.

So ordered this 25th day of March 2025.

_SL R. CL_

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## List of Opt-Out Members

*Schleicher v. API Financial Solutions, Inc.*

Case No. 4:23-cv-01431-SRC

| # | SIMID | Name | Postmark Date |
|---|-------|------|---------------|
| 1 | 24316 | Cristopher Caruso | 10/12/2024 |